IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-CV-

LACEY WILLMAN, a Colorado resident
    Plaintiff,

v.

METROPOLITAN LIFE INSURANCE COMPANY, d/b/a MET-LIFE DISABILITY
a foreign corporation
    Defendant.

## COMPLAINT AND JURY DEMAND

The plaintiff, by and through counsel, pursuant to Fed.R.Civ.P. 8, and 28 U.S.C. §1332, for a Complaint, asserts and alleges as follows:

### I. Jurisdictional Allegations

1. The plaintiff is a United States citizen residing within the State of Colorado at 4505 Redmond Drive, Longmont, CO.

2. Defendant Metropolitan Life Insurance Company, d/b/a Met-Life Disability ("Met-Life") is a foreign corporation, in good standing, but domiciled outside the State of Colorado.

3. The amount in controversy is in excess of $75,000 exclusive of interest and costs.

4. Pursuant to 28 U.S.C. §1332 there is complete diversity of citizenship between the parties, conferring subject matter jurisdiction over the parties.

### II. General Allegations

5. The case arises from a non-ERISA insurance claim for Long Term Disability Benefits asserted by the plaintiff as a former government employee of TSA employee and insured of the defendant.

6. On or about Feb. 28, 2013, the plaintiff became unable to perform her job as a Transportation Security Officer for TSA because of chronic low back pain caused by significant degenerative disc disease.

7. The plaintiff submitted her claim for long-term disability insurance benefits to the defendant, under claim number 691307196469, based on opinions from orthopedic surgeon Dr. Pamela Knight, M.D. who restricted the plaintiff from working in that capacity indefinitely because she could not perform the repeated 70-pound lifts that position required.

8. Dr. Knight provided the plaintiff with permanent work restrictions including no lifting, pulling or pushing greater than 10 pounds, a five minute break and ability to change positions every 30 minutes.

9. The defendant denied the claim for benefits on Oct. 29, 2013, "effective back to June 10, 2013," because "there is a lack of objective medical evidence after March 2013 to support continued disability."

10. The defendant rationalized its denial based on the rationale: "Your file was discussed with our clinical staff. Although you advise your restrictions are permanent, and you will never be able to return to work in your own job, our clinical staff has reviewed the results of your diagnostic testing and feels your condition has the potential to improve over time with further treatment, such as physical therapy and/or injections. The results of the

testing are mild in nature. A disc protrusion has the potential to resolve over time with proper treatment, resulting in an increase in functional abilities, such as lifting, bending, standing, walking, etc…we have determined the medical on file does not support disability."

11. The plaintiff provided a second medical opinion to the defendant seeking reconsideration of the denial, but the defendant maintained its denial based on its earlier rationale that its internal clinical staff opinions.

12. On April 24, 2014, the plaintiff appealed the adverse decision to the defendant, providing the defendant with reports from medical doctors and a vocational specialist, corroborating her occupational disability.

13. The defendant received a copy of the appeal and enclosed records supporting the claim on April 25, 2014.

14. The defendant did not respond to the appeal until Sept. 29, 2014, when it acknowledged the invalidity of its earlier claim denial and reinstated her covered benefits for the estimated amount of $39,287.55.

15. On Oct. 29, 2013, letter initially denying the benefits, the defendant represented that appeals of claim denials would be determined within 45 days from the date the appeal was presented.

16. On June 24, 2014, the plaintiff through separate counsel requested a response to her April 24, 2014, appeal within 7 days.

17. The defendant delayed responding to or making a determination of her appeal until Sept. 29, 2014.

18. In its Oct. 29, 2013, denial, the defendant states: "MetLife will evaluate all the information and advise you of our determination of your appeal within 45 days after we receive your written request for appeal. If there are special circumstances requiring additional time to complete our review, we may take up to an additional 45 days, but only after notifying you of the special circumstances in writing."

19. The defendant never provided notice of any "special circumstances" that would justify an additional 45 days delay in determining the plaintiff's appeal of the adverse claim denial.

20. Without explanation or stated reasons, the defendant delayed providing the plaintiff with covered benefits estimated at nearly $40,000.

## FIRST CLAIM FOR RELIEF

**(Statutory Delay in violation of C.R.S. §§10-3-1115, 10-3-1116)**

21. The plaintiff incorporates by reference as if set forth in full the allegations contained in paragraphs 1-20.

22. The defendant promised in writing to determine her appeal of the defendant's denial of her claim within 45 days from the date of her April 24, 2014, appeal, or by June 11, 2014.

23. The defendant delayed its determination of the plaintiff's appeal of the claim denial until Sept. 29, 2014, providing no reasons or explanation to excuse the delay.

24. The plaintiff is considered a "first party" within the meaning of C.R.S. §§10-3-1115 and 10-3-1116.

25. The defendant delayed providing the plaintiff with covered benefits as a first-party insured without any stated excuses or reasonable bases, in violation of C.R.S. §10-3-1115, entitling the plaintiff to remedies as provided by C.R.S. §10-3-1116.

## SECOND CLAIM FOR RELIEF

### (Breach of Contract/Promise)

26. The plaintiff incorporates by reference as if set forth in full the allegations contained in paragraphs 1-25.

27. The defendant promised that it would determine her April 29, 2014, appeal within 45 days unless "special circumstances" required additional delay to make that determination.

28. The defendant never specified any "special circumstances" to justify an additional 45 days, or to justify a waiting period of 90 days, from April 24, 2014, within which to determine her appeal of the defendant's denial of her claim for disability benefits.

29. The defendant breached its written promise to the defendant by delaying its determination of her successful appeal until Sept. 29, 2014, more than 90 days from the date the defendant promised it would conclude its determination of her appeal.

30. The defendant also breached its promise that it would provide the insured plaintiff with long-term disability benefits based on certain terms and provisions contained within the insurance contract itself but refused to provide such benefits until after the plaintiff had to pursue an appeal of the

adverse claims decision made by anonymous non-medically trained claims adjustment personnel, who for now remain unidentified and unknown.

31. The defendant's unexcused and unreasonable delay caused the plaintiff to sustain economic and non-economic losses in amounts to be determined at trial.

## THIRD CLAIM FOR RELIEF

### (Bad Faith Breach of Covenant of Good Faith and Fair Dealing)

32. The plaintiff incorporates by reference as if set forth in full herein the allegations contained within paragraphs 1-30.

33. The defendant owes the plaintiff a non-delegable duty of good faith and fair dealing implicit within this insurance contract.

34. The defendant owes the plaintiff a duty of good faith to conduct a reasonable investigation into her claim.

35. The defendant owes the plaintiff a duty of good faith to consider all information available regarding her claim.

36. The defendant breached its duties of good faith and fair dealing owed to the plaintiff by giving greater weight to internal non-physician insurance claims staff members regarding medical opinions concerning the plaintiff's medical diagnosis and prognosis over the medical opinions provided by the plaintiff's Colorado-licensed physicians.

37. The defendant's bad faith breach of contract caused the plaintiff to sustain economic and non-economic losses in amounts to be determined at trial.

**WHEREFORE,** the plaintiff prays for judgment on her behalf and against the defendant for the economic and non-economic injuries, damages and losses caused by the defendant's misconduct as alleged above, for loss of enjoyment of life, for costs, expert witness fees, interest, attorney's fees, and any other relief authorized by law.

### JURY TRIAL DEMANDED

Respectfully submitted this this 24th day of October, 2014

        The Kaudy Law Firm, L.L.C.

        *A duly signed original is on file at*
        *The Kaudy Law Firm, L.L.C.*

        *s/Richard M. Kaudy*
        Richard M. Kaudy, #12345
        Cajardo R. Lindsey, #33682
        The Kaudy Law Firm, LLC
        333 W. Hampden Avenue, Suite 850
        Englewood, CO 80110
        Phone:  (303) 623-1885
        Fax:  (303) 623-1825
        Email: rkaudy@kaudylaw.com
        ATTORNEY PLAINTIFF